COMMONWEALTH *vs.* MATTHEW J. PIKE. March 17, 2014. *Sex Offender. Sex Offender Registration and Community Notification Act. Evidence,* Sex offender.

On May 20, 2010, the defendant pleaded guilty to several charges including indecent assault and battery. He was sentenced to two years at a correctional facility, time deemed served, and placed on probation for two years. His conditions of probation included, among other things, that he register as a sex offender pursuant to G. L. c. 6, §§ 178C-178P. He was subsequently charged in a complaint, on July 30, 2010, with failing to register, in violation of G. L. c. 6, § 178H (*a*), and, following a jury-waived trial, was convicted of that charge. The Appeals Court affirmed the conviction, rejecting the defendant's argument that the evidence was insufficient and declining to consider his argument that he received ineffective assistance of counsel because he had not first raised the claim in a motion for a new trial. See *Commonwealth* v. *Pike*, 83 Mass. App. Ct. 1128 (2013). The case is now before this court on further appellate review. The defendant raises the same two issues here that he did in the Appeals Court: that the evidence is insufficient to support the conviction and that he received ineffective assistance of counsel.

To prove that the defendant violated G. L. c. 6, § 178H (*a*), the Commonwealth must show that, among other things, the defendant failed to notify the Sex Offender Registry Board (board) of a change of address.[1] At trial, the Commonwealth attempted to prove this element of the crime through the testimony of the defendant's probation officer, Susan McDonough. She testified that she was scheduled to visit the defendant at his home on July 14, 2010, but that she "left a message that [she] would not be able to make that appointment and for him to come into the office. He did not report." She also stated that on July 21, 2010, she went to the defendant's home and he was not there. That same day, the defendant left a message on McDonough's voice mail "that all is good and he [was] staying with a friend." As a result of these events, McDonough asked for a warrant on July 23, 2010, leading to the issuance of the July 30, 2010, complaint charging the defendant with failing to register as a sex offender.

The Commonwealth presented no other evidence of the defendant's purported failure to register, and we agree with the defendant that the evidence that the Commonwealth did present was insufficient. McDonough's testimony does not amount to a showing that the defendant changed his address (and failed to notify the board of such change). She stated that the defendant failed to report to her office after she left him a message that he should do so because she

---

[1]Pursuant to G. L. c. 6, § 178H (*a*), "[a] sex offender required to register pursuant to this chapter who knowingly: (i) fails to register; (ii) fails to verify registration information; (iii) fails to provide notice of a change of address; or (iv) who knowingly provides false information" is guilty of failure to register. We are concerned here only with whether the defendant failed to provide notice of a change of address.

could not make their scheduled July 14 visit at his home. There is no indication when she contacted the defendant or when she wanted him to come to her office. There is, in other words, no specific evidence regarding the time frame of this event or when the defendant might have failed to do something. The evidence is equally insufficient regarding McDonough's July 21 visit to the defendant's home. The Commonwealth states that the visit was planned, but there is no evidence in the record to support that statement. McDonough merely stated that she went to the defendant's house on that date and found that he was not there. Finally, the defendant's message to McDonough, left later that same day, that he was "staying with a friend," even when taken together with the testimony regarding the July 14 and July 21 visits, does not establish that the defendant relocated to a new address or established a secondary address within the meaning of the statute. See G. L. c. 6, § 178C. The defendant did not state that he had moved; he simply stated that he was staying with a friend. Without more, the evidence was too meager to permit a fact finder to determine how long the defendant had been or was planning to stay with the friend, or whether the length of the stay was of such a duration that would have required notification to the board of a change of address.[2]

Because the evidence was insufficient to support the defendant's conviction of failure to register as a sex offender, the conviction must be reversed. In light of the circumstances, we need not address the defendant's argument that his trial counsel was ineffective.

One final point is in order. The consequences of the charges against the defendant are significant. He was sentenced to one year in the local house of correction, and it appears that he served his sentence. We are troubled that so little care and effort were expended on the investigation and prosecution of this case.

*Judgment reversed.*

*Diana Cowhey-McDermott* for the defendant.

*Elizabeth Anne Sweeney,* Assistant District Attorney, for the Commonwealth.


---

[2]At trial and in the Appeals Court the Commonwealth also argued that the defendant had failed to register with the local police department. The Commonwealth now concedes that because, at the relevant time, the defendant had not yet been classified as a level one, two, or three sex offender, he was not required to so register.

